IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KAREN SWOPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-04239-CV-RK |
| | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, history of meningioma of the cervical spine, status-post resection and spinal fusion, migraine headaches, major depressive disorder, and generalized anxiety disorder. The ALJ also determined that Plaintiff's seizure disorder is a non-severe impairment. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that she can frequently reach overhead and in all directions with the left upper extremity; she should never climb ladders, ropes, or scaffolds; she can occasionally work around vibration, but should never have exposure to unprotected heights, moving mechanical parts, nor operate a motor vehicle as a job duty; she is further limited to simple, routine, and repetitive tasks and making simple work decisions; and she can interact with supervisors and coworkers occasionally, but should have no interaction with the general public. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the ALJ erred in two ways. First, Plaintiff argues the ALJ did not support the RFC with substantial evidence. Second, Plaintiff argues the ALJ failed to properly consider the subjective reports of Plaintiff. Both arguments are without merit and will be discussed in turn.

## I.     There is Substantial Evidence to Support the RFC

Plaintiff first argues both the physical and mental aspects of the RFC were not supported by substantial evidence.

### A.     The Physical RFC was Supported by Substantial Evidence

Plaintiff largely argues the RFC was not supported by substantial evidence because the ALJ failed to include additional limitations for the use of Plaintiff's left upper extremity. Plaintiff cites to numerous places within the record to suggest Plaintiff's condition, especially concerning

her left upper extremity, was significantly worse. (Doc. 7, p. 14.) Plaintiff also argues the ALJ overstated Plaintiff's abilities in considering Plaintiff's daily activities. (Doc. 7, p. 15.) Plaintiff then cites to Plaintiff's own testimony regarding her symptoms and capabilities. Plaintiff's arguments fail.

A court should disturb an ALJ's decision only if it is not supported by substantial evidence. *Smith v. Colvin*, 756 F.3d at 625; *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). Even if a Plaintiff can identify a preferred or alternative finding based on the record, it does not necessarily warrant disturbing the ALJ's decision. *See id.*

Here, the ALJ's physical RFC was supported by substantial evidence for several reasons. One, the RFC included a limitation in the ability to reach with the left upper extremity. (Tr. 21.) In support of this RFC analysis, the ALJ concluded Plaintiff's "motor strength in her left upper extremity remained only mildly reduced, and generally stable, following surgery." (Tr. 27.) Thus, the RFC accounted for some limitations for the use of Plaintiff's left upper extremity.

Two, there are numerous places within the record suggesting Plaintiff had only intermittent, mild symptoms in her left upper extremity. (Tr. 400-03, 461, 471, 477, 482, 484, 488, 540-41, 564-65, 591-92, 632.) While Plaintiff testified that she had debilitating left arm weakness and could not pick up any objects (Tr. 66, 84), Plaintiff's physicians observed throughout her alleged period of disability that she had only intermittent, mild symptoms in her left arm. (Tr. 461, 471, 477, 482, 484, 488.) In February 2017, Plaintiff reported increased left arm pain and weakness. (Tr. 458, 461, 636.) After Plaintiff had surgery (for resection of a cervical tumor and a cervicothoracic fusion), however, Dr. Neal observed that Plaintiff's symptoms improved, that she had only mild muscle weakness in her left arm, and that she had normal muscle strength and musculoskeletal function without significant motor or sensory deficits throughout the rest of her body. (Tr. 540-41, 564-65, 591-92.) The ALJ decision has a clear articulation of Plaintiff's medical records and symptoms and is supported by substantial evidence in the record. (Tr. 20-27.)

Three, the ALJ considered the consistency of Plaintiff's reports with the medical evidence in the record. The ALJ specifically noted that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 25.); *See Tellez v. Barnhart*, 403 F.3d 952, 957 (8th Cir. 2005).

Finally, the ALJ considered all of Plaintiff's physical abilities. (Tr. 23-27.) For instance, while Plaintiff claims she could only walk about half a block, Plaintiff's medical providers opined that Plaintiff walked normally, had no fear of falling down, and had normal muscle strength, range of motion, and motor function in her legs. (Tr. 355, 361, 365, 369, 399-400, 453, 461, 477 484, 533, 541-42, 603, 606-07.) Further, while Plaintiff testified she had difficulty moving her neck and using her right hand, the record indicates her neck pain had improved and she had surgery to correct the condition in her right hand. (Tr. 533, 591, 639-40.) Therefore, the physical RFC was supported by substantial evidence and cannot be reversed. *Smith v. Colvin*, 756 F.3d at 625.

### B. The Mental RFC was Supported by Substantial Evidence

With regard to Plaintiff's mental conditions, Plaintiff argues remand is required because the ALJ failed to support the RFC with some medical evidence. (Doc. 7, p. 16.) This argument fails for several reasons. First, the ALJ noted that some of Plaintiff's mental conditions were due to social and financial stressors. (Tr. 20-21.) Such notation is supported by the record, where Plaintiff attributed some of her psychological symptoms to situational stressors including financial problems, lack of employment, her husband leaving her, and her inability to obtain disability benefits. (Tr. 360, 364, 368, 514-15, 520-21, 523-24, 526-27.) Symptoms caused by situational stress is not a disability. *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010); *Tindell v. Barnhart*, 444 F.3d 1002, 1006-07 (8th Cir. 2006).

Second, substantial evidence supports the ALJ's determination that Plaintiff's psychological limitations were not continually debilitating for at least twelve months. During the relevant period, Plaintiff had periods of good and normal mood and affect. (Tr. 354, 489, 547, 564, 639.) Plaintiff's providers observed that Plaintiff was alert, oriented, and cooperative, with good memory, intact speech and comprehension, good eye contact, clear thought processes, and intact concentration and memory. (Tr. 355, 361, 365, 399, 461, 471, 484, 488, 536, 540-41, 564, 591-92, 603, 606, 632, 639.) While Plaintiff accurately points out that she was hospitalized after an attempted suicide, the following day, Plaintiff was feeling better and no longer felt suicidal. (Tr. 426.) Dr. Elissa Lewis, Ph.D. reviewed Plaintiff's records and opined that Plaintiff had only mild limitations in activities of daily living and no more than moderate limitations in social functioning, concentration, persistence, or pace. (Tr. 138, 156.) Dr. Lewis also opined Plaintiff would have difficulty interacting with supervisors and co-workers, and would perform best in an environment where she could work independently with limited social contact. (Tr. 146, 164.) This

4

is reflected in the RFC, which indicates Plaintiff can interact with supervisors and co-workers occasionally but should have no interaction with the general public. (Tr. 21.)

Third, the record evidence, supporting the ALJ's determination, shows Plaintiff could perform significant daily activities. (Tr. 312-15, 320, 383, 501, 503, 505, 508, 511, 514, 520.) While the ability to do activities, alone, does not establish that a claimant can perform full-time work, *Burress v. Apfel*, 141 F.3d. 875, 881 (8th Cir. 1998), such activities are inconsistent with subjective complaints of disabling impairments. *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009); *see also Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016); 20 C.F.R. §§ 404.1529(c)(3)(i) and 416.929(c)(3)(i). The mere fact some of the record evidence goes against the ALJ's determination does not mean the ALJ's decision was not supported by substantial evidence. *Smith v. Colvin*, 756 F.3d at 625; *Hacker,* 459 F.3d at 936. Therefore, the ALJ's decision will be affirmed on this point.

II.     **The ALJ Properly Considered the Subjective Reports of Plaintiff**

Plaintiff argues remand is required because the "ALJ's determination relied on a mistaken classification of the record, overlooked relevant evidence, and did not address factors that bolstered Swope's credibility." (Doc. 7, p. 21.) Plaintiff's arguments are without merit.

Analyzing a claimant's subjective complaints is the province of the ALJ; the Court will defer to an "ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016).

Here, Plaintiff first argues the ALJ erred by failing to identify what type of evidence would be sufficient to support disabling limitations. (Doc. 7, p. 22) (citing *Putnam v. Colvin*, No. 6:14-CV-03024-NKL, 2014 WL 5320947, at *4 (W.D. Mo. Oct. 17, 2014)). However, *Putnam* is inapplicable. The error in *Putnam* was that the ALJ discounted the findings of a doctor, and instead "substituted his own opinion for that of [the doctor's]." *Putnam*, 2014 WL 5320947, at *4. Here, the ALJ did not substitute his opinion for that of a doctor, but rather found inconsistencies between the objective medical evidence and Plaintiff's subjective complaints. Such analysis was proper, and nothing more was required. *See Hensley*, 829 F.3d at 934.

Second, Plaintiff argues the ALJ did not properly consider the record. Yet, Plaintiff concedes, an ALJ is not required to discuss each and every medical record in exhaustive detail. *Willcockson v. Astrue*, 540 F.3d. 878, 879-80 (8th Cir. 2008). Unlike in *Willcockson*, where the

5

court remanded because it could not determine if the ALJ properly reviewed the evidence, here it is clear the ALJ did properly consider the evidence. The ALJ analyzed not only the subjective complaints made by the Plaintiff, but the opinions of her numerous medical providers as well. (Tr. 23-27.) Plaintiff's argument amounts to a disagreement with the ALJ's evaluation of the medical evidence. However, because the ALJ articulated inconsistencies with Plaintiff's subjective complaints with substantial evidence in the record, the Court must affirm the ALJ's decision. *See Hacker,* 459 F.3d at 936; *Halverson v. Astrue*, 600 F.3d 922, 932-33 (8th Cir. 2010).

Finally, Plaintiff argues the ALJ failed to consider the consistency of Plaintiff's initial reports with her statements to medical providers. This argument fails as well. The cases cited by Plaintiff, while they did evaluate the consistency of a claimant's reports, never state that a failure to do so is error or requires remand. In addition, as discussed above, the ALJ considered the inconsistency of Plaintiff's testimony and reports with the record, as a whole, including objective medical evidence. (Tr. 23-27.) Therefore, the ALJ's determination was supported by substantial evidence and must be affirmed.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record, as a whole, supports the ALJ's decision for the reasons set forth above and in the Commissioner's brief.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: February 10, 2020